81 F.3d 152
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley SULLIVAN, Defendant-Appellant.
 No. 95-5864.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 19, 1996.
Decided: April 3, 1996.
 
 Lisa B. Kemler, MOFFITT, ZWERLING & KEMLER, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Leslie B. McClendon, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before ERVIN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bradley Sullivan appeals his 120-month sentence imposed pursuant to his guilty plea to conspiracy to possess with intent to distribute ten grams or more of LSD.* The court sentenced Bradley under 21 U.S.C.A. § 841(b)(1)(A)(v) (West Supp.1995), which mandates a ten-year minimum sentence for a conviction of trafficking in more than ten grams of a substance containing a detectable amount of LSD. Because we find that the sentencing court properly determined the weight of the LSD in determining that the ten-gram threshold was met, we affirm Bradley's sentence.
 
 
 2
 Bradley alleges that a recent amendment to the Sentencing Guidelines that assigns a presumptive weight of 0.4 milligrams per dose of LSD for purposes of determining a guidelines sentence alters the method of weight calculation for purposes of § 841 as well. Before the guidelines amendment, the weight of the carrier medium with the absorbed LSD was included in determining the weight of the drug. See Chapman v. United States, 500 U.S. 453, 455 (1991); United States v. Daly, 883 F.2d 313, 318 (4th Cir.1989), cert. denied, 496 U.S. 927 (1990).
 
 
 3
 The Supreme Court recently rejected Bradley's argument in Neal v. United States, --- U.S. ----, 64 U.S.L.W. 4077 (U.S. Jan. 22, 1996) (No. 94-9088). In Neal, the Court held that Chapman still applies to cases involving statutory minimum sentences despite the amendment to the Guidelines. Thus, the court properly calculated the weight of LSD in sentencing Bradley, and since that weight exceeded ten grams, Bradley was properly sentenced to the statutorily mandated minimum. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Bradley also was sentenced to five years of supervised release and assessed a $50 special assessment